IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ANGELO LENA, | No. C 12-1354 JSW (PR) |
| Petitioner, | **ORDER OF DISMISSAL; GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS** |
| v. | |
| UNITED STATES DISTRICT COURT, et al., | |
| Respondents. | (Docket No. 3) |

Petitioner, a prisoner of the State of California, has filed a petition for a writ of error coram nobis challenging a conviction in federal court from 1990. The writ of error coram nobis affords a remedy to attack a federal conviction when the petitioner has served his sentence and is no longer in custody. *See Telink, Inc. v. United States*, 24 F.3d 42, 45 (9th Cir. 1994); *United States v. Walgren*, 885 F.2d 1417, 1420 (9th Cir. 1989). Petitioner alleges that he has served the sentence on the federal conviction that he challenges in this petition. He alleges that he is currently being prosecuted on state charges in Marin County Superior Court, and that his federal conviction from 1990 is being used as a prior "strike" conviction under California's Three Strikes Law to enhance petitioner's sentence. As Petitioner is challenging a prior federal custody and has served his sentence for it, the writ of coram nobis appears to be the appropriate remedy.

Unfortunately for Petitioner, however, the grounds upon which he challenges his federal conviction is without merit. Petitioner alleges that he was convicted in federal

court in 1990 pursuant to a guilty plea, three years prior to passage of California's Three Strikes Law. He claims that the conviction is unconstitutional because he did not know that his guilty plea and conviction in federal court could later be used as a "strike" to enhance his sentence if he faced charges in California state court in the future. Although due process requires that a defendant be informed of the direct consequences of the plea, the court need not advise him of "all possible collateral consequences." *Torrey v. Estelle*, 842 F.2d 234, 235 (9th Cir. 1988). Collateral consequences include the possibility of a future sentence enhancement based on the guilty plea. *United States v. Garrett*, 680 F.2d 64, 65-66 (9th Cir. 1982). There is no violation of due process where a trial court fails to inform a defendant of collateral consequences nor where counsel fails to do so. *Torrey*, 842 F.2d at 236-37. Consequently, the fact that Petitioner was not informed of and did not know that a future sentence enhancement could be based upon his guilty plea in his 1990 federal conviction does not render that conviction unconstitutional. Accordingly, the petition for a writ of coram nobis is DISMISSED.

In addition, Petitioner seeks an order from this Court enjoining the state court from using his prior state court conviction as a strike. Under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctive relief. *See Younger v. Harris*, 401 U.S. 37, 43-54 (1971). Accordingly, the injunction petitioner requests is DENIED.

In light of Petitioner's lack of funds, his application for leave to proceed in forma pauperis is GRANTED (docket number 3).

The Clerk shall enter judgment and close the file.

IT IS SO ORDERED.

DATED: April 26, 2012

JEFFREY S. WHITE
United States District Judge

2

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL ANGELO LENA,

    Plaintiff,

  v.

US DISTRICT COURT et al,

    Defendant.

Case Number: CV12-01354 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on April 26, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Michael Angelo Lena 199107
Marin County Jail
13 Peter Behr Drive
San Rafael, CA 94903

Dated: April 26, 2012

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk